**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER REA,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civil Action No. 11-5232 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES,** District Judge.

This matter comes before the Court by way of Christopher Rea's ("Petitioner")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Respondent, (hereinafter the "Government") submitted an answer in response to Petitioner's motion.  The Court has considered the parties' submissions, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, Petitioner's motion is denied.

## I.  BACKGROUND

On April 30, 2004, Petitioner pled guilty to conspiring to export ecstasy, a Schedule I controlled substance, in violation of 21 U.S.C. § 963.[1]  (*See* Judgment at 1 [Crim. Case No. 03-553, Docket Entry No. 120].)  On July 22, 2005, this Court sentenced Petitioner to a 66-month period of imprisonment and three years of supervised release.  (*See* Judgment at 2-3 [Crim. Case

---

[1] The offense underlying Defendants' conspiracy charge was a violation of 21 U.S.C. § 960. (Pet. at 1.)  Pursuant to 21 U.S.C. § 963, the sentence for conspiracy to violate 21 U.S.C. § 960 is governed by 21 U.S.C. § 960(b).  *See* 21 U.S.C. § 963 ("Any person who attempts or conspires to commit any offense in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.")

No. 03-553, Docket Entry No. 120].) The Court imposed this sentence, which fell below the applicable guidelines range of 169 to 210 months, after consideration of the 5K-1.1 application filed by the Government on Petitioner's behalf. (Violation Hearing Tr. at 2:23-3:2.)

After his release from prison, Petitioner commenced his three-year period of supervised release on May 8, 2008. (Pet. for Warrant or Summons [Crim. Case No. 03-553, Docket Entry No. 143.]) On September 10, 2010, Petitioner pled guilty to violating the terms of his supervised release by possessing a controlled substance. (Violation Hearing Tr. at 10:17-19.) The Court subsequently revoked Petitioner's supervised release, and sentenced him to an 18-month period of imprisonment and a renewed three-year term of supervised release.

On September 9, 2011, Petitioner filed the instant motion to vacate, set aside, or correct his sentence on the alleged basis that his criminal counsel provided ineffective assistance.

## II.   LEGAL STANDARD

### A.   Generally

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

A petitioner raising an issue regarding the effectiveness of his attorney must allege specific facts in support of his claim. "[B]ald assertions and conclusory allegations" are insufficient to support a claim and may be dismissed without a hearing. *Mayberry v. Petsock*,

2

821 F.2d 179, 185 (3d Cir. 1987), *cert denied*, 484 U.S. 946, 108 S. Ct. 336, 98 L. Ed. 2d 362 (1987). The petitioner must also allege what actions should have been taken and what favorable information would have been produced or what favorable result would have been obtained. *See Lewis v. Mazurkiewicz*, 915 F.2d 106, 115 (3d Cir. 1990).

In considering the instant motion, this Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). The decision whether to order a hearing when a petitioner files a motion pursuant to 28 U.S.C. § 2255 is left to the sound discretion of the Court. *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). However, the Court "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.*

### B.    Ineffective Assistance of Counsel

In order to sustain an ineffective assistance of counsel claim, Petitioner must establish: (1) deficient performance, and (2) resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under the first prong, counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. Even if Petitioner is able to demonstrate deficient performance by counsel, Petitioner must also, at prong two, show that counsel's performance actually prejudiced his or her defense. *Id.* The prejudice prong is satisfied if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. This Court must evaluate the effect of any errors in light of the totality of the evidence.

*Id.* at 695-96.  If a petitioner cannot demonstrate prejudice, however, then the court does not have to determine whether counsel's errors were constitutionally deficient.  *See id.* at 697.

With this framework in mind, the Court now turns to Petitioners' arguments.[2]

## III.  DISCUSSION

### A.    Counsel's Alleged Ineffectiveness

Petitioner claims that his counsel provided ineffective assistance during his violation sentencing for failing "to object to the [allegedly illegal] length of supervised release imposed." (Pet. at 5.)  Specifically, Petitioner argues that pursuant to 18 U.S.C. § 3583, the 18-month post-revocation prison sentence should have been subtracted from the maximum three-year renewed term of supervised release which this Court could legally impose.  Put differently, Petitioner maintains that his counsel should have argued that "the new term of supervised release should not have exceeded 18 months." (Pet. at 4).

The Government argues that Petitioner's post-revocation sentence of 18 months' imprisonment and three years' supervised release was not illegal "because the combination of the two does not exceed the lifetime maximum term of supervised release authorized by 21 U.S.C. § 960(b)(3)."[3]  Thus, according to the Government, Petitioner cannot argue that his counsel was ineffective for failing to raise a meritless objection. (Gov't Opp'n. at 4.)

The parties do not dispute that 18 U.S.C. § 3583(h) governs the imposition of a period of supervised release following the revocation of an originally imposed period of supervised release.  Under this statute,

---

[2] In light of Petitioner's *pro se* status, the Court construes Petitioner's motion liberally.  *See generally Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

[3] In relevant part, 21 U.S.C. § 960(b)(3) provides that "[n]otwithstanding Section 3583 of title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment."

> [w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h).

The offense that resulted in the original term of supervised release was a Class C felony. Under 18 U.S.C. § 3583(b) the period of supervised release for a Class C felony cannot exceed three years "[e]xcept as otherwise provided." The statute providing the sentence for the underlying offense, however, requires the imposition of a "term of supervised release of at least 3 years." 21 U.S.C. § 960(b)(3). Indeed, there is a conflict between the maximum term of supervised released allowed under 21 U.S.C. § 960(b)(3), and that allowed under 18 U.S.C. § 3583(b). The former provides for a *minimum* term of three years, whereas the latter provides for a *maximum* term of three years. In deciding whether Petitioner's counsel should have argued that the imposition of a three-year term of supervised release exceeded the maximum term allowed under 18 U.S.C. § 3583, this Court must first determine whether 18 U.S.C. § 3583 trumps 21 U.S.C. § 960(b) for purposes of determining the maximum term of supervised release this Court could impose.

First and foremost, the Court looks to the plain language of the statutes. Under 18 U.S.C. § 3583(b) courts may impose a maximum three-year term of supervised release for Class C felonies "**except as otherwise provided**." (emphasis added). The "except as otherwise provided" language indicates that the statute allows for the imposition of a longer period of supervised release under certain circumstances.

5

Under 21 U.S.C. § 960(b), courts must impose a minimum three-year term of supervised release "**notwithstanding Section 3583 of title 18.**" (emphasis added). Of note, while prescribing a minimum term of supervised release, 21 U.S.C. § 960(b) does not prescribe a maximum term. Because the statute sets no limit on the maximum term of supervised release, that maximum is life. *See United States v. Rosales*, 341 Fed. Appx. 65, 66 (5th Cir. 2009) (interpreting statutes that set no limit as to a maximum period of supervised release as allowing for imposition of a lifetime of supervised release); *see also United States v. Handley*, 678 F.3d 1185 (10th Cir. 2012) ("[T]he authorized maximum term of supervised release is life under. . . 21 U.S.C. § 841(b)(1)(A)" because this statute does "not set a limit on the maximum term of supervised release."); *United States v. Jackson*, 559 F.3d 368 (5th Cir. 2009) (same).

It is clear, therefore, that this Court could have conceivably sentenced Petitioner to a maximum life term of supervised release for conspiring to violate 28 U.S.C. § 960 despite the three-year maximum period prescribed by 18 U.S.C. § 3583(b). Imposing such a term of supervised release would have been consistent with Third Circuit precedent which has held that, at least for the purpose of initial sentencing, § 3583 "always yields to other statutes, such as § 841, that specifically provide terms of supervised release." *See United States v. Sanchez-Gonzalez*, 294 F.3d 563, 566 (3d Cir. 2002); *see also McPherson v. United States,* No. 02-5963, 2005 U.S. Dist. LEXIS 4559, at *6 (E.D.N.Y. May 16, 2005) (noting that petitioner could receive term of supervised release exceeding three years pursuant to 28 U.S.C. § 960(b) notwithstanding that maximum term prescribed by § 3583(b) because "compliance with the substantive requirements of § 3583(b) would render the 'at least' language of 21 U.S.C. § 960(b) irrelevant, and courts generally avoid constructions that render portions of a statute superfluous.") (internal quotation marks and citation omitted).

6

Having determined that this Court could have sentenced Petitioner to a maximum life term of supervised release for the underlying offense, the Court concludes that Petitioner's motion must fail. In accordance with 18 U.S.C. § 3583(h), the maximum term of supervised release to which this Court could have sentenced Petitioner for his violation was life [i.e., the term of supervised release authorized by 21 U.S.C. § 960(b)(3)] minus 18 months [i.e., the term of imprisonment imposed on Petitioner for his violation]. That is, in essence, a lifetime of supervised release.

Accordingly, there is no basis to conclude that Petitioner's counsel provided ineffective assistance for failing to argue that the sentence this Court imposed was illegal. *See Werts v. Vaughn*, 228 F.3d 178, 202 (3d Cir. 2000) ("counsel cannot be ineffective for failing to raise a meritless claim."). Additionally, because he has failed to establish that his counsel's ineffectiveness resulted in an erroneous sentence, Petitioner cannot show that he has suffered any prejudice. Thus, Petitioner has failed to satisfy the two prongs of *Strickland* to establish that his counsel was constitutionally deficient.

**B.     Evidentiary Hearing**

Petitioner's motion raises no issues of material fact and relies instead on the sentencing record to support arguments that are purely legal. The Court has addressed these arguments, and has determined that they lack merit. Because there is no basis for granting the relief sought in Petitioner's motion, Petitioner is not entitled to an evidentiary hearing. *See, e.g., Forte*, 865 F.2d at 62 (noting that there is no need for an evidentiary hearing if the "files and records of the case show conclusively that the movant is not entitled to relief.").

Accordingly, IT IS on this _21st_ day of November, 2012

**ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence is denied.

**SO ORDERED.**

JOSÉ L. LINARES
U.S. DISTRICT JUDGE

8